THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEN HAILE-SHIREGA<br>    5055 Seminary Rd., Apt. 209<br>    Alexandria, VA 22311<br><br>        Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>    Office of the Attorney General<br>    441 4th Street NW<br>    Washington, DC 20001<br><br>and<br><br>MPD OFFICER NIKEITH GOINS<br>    First District Station<br>    415 4th Street SW<br>    Washington, DC 20024<br><br>and<br><br>MPD SERGEANT JOSEPH MASSEY<br>    First District Station<br>    415 4th Street SW<br>    Washington, DC 20024<br><br>        Defendants. | Case No.: _____<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**Police Misconduct: Violation of rights under the Constitution of the United States and the common law of the District of Columbia.**

Plaintiff Aden Haile-Shirega, by her undersigned attorneys, files this Complaint against the District of Columbia, Municipal Police Department Officer Nikeith Goins, and Municipal Police Department Sergeant Joseph Massey.

1

## INTRODUCTION

1. In the early morning hours of May 31, 2004, Plaintiff Aden Haile-Shirega ("Ms. Haile" or "Plaintiff") and two of her friends were traveling in their car near F Street NW in Washington, D.C., when they were forced to a stop by a throng of people exiting the local nightclubs. Defendant police officers Nikeith Goins ("Goins") and Joseph Massey ("Massey") approached the vehicle and instructed Ms. Haile and her friends to drive the car away from the crowd. When Ms. Haile commented to her friends about the situation in her native language, Amharic, one of the Defendant police officers forcibly pulled Ms. Haile from the vehicle, threw her to the ground, broke her arm, and forced her to kneel with her broken arm handcuffed behind her back for a half-hour. As a result, Ms. Haile endured severe pain for several weeks and has suffered potentially permanent nerve damage. This is a civil action seeking damages, costs, fees and other appropriate relief against Defendants Goins, Massey, and the District of Columbia for committing acts, under color of law, which deprived Ms. Haile of rights secured to her under the Constitution and laws of the United States; for intentionally denying Ms. Haile equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Ms. Haile.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate related claims under the laws of the District of Columbia.

3. On October 13, 2004, Plaintiff provided to the Mayor of the District of Columbia written notice of claim required by D.C. Code § 12-309 (2004).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since the unlawful conduct giving rise to this action occurred in the District of Columbia.

## PARTIES

5.      Plaintiff Aden Haile is a citizen of Ethiopia and a legal resident of the State of Virginia.

6.      At all times relevant to this Complaint, Defendant Nikeith Goins (Badge No. 1243) was a police officer of the District of Columbia Metropolitan Police Department (the "MPD"), and was acting in his capacity as an agent, servant and employee of the District of Columbia and the MPD, and under the direction and control of the District of Columbia and the MPD. Defendant Goins was further acting pursuant to either official policy, or the custom and practice of the District of Columbia and the MPD.

7.      At all times relevant to this Complaint, Defendant Joseph Massey (Badge No. S302) was a sergeant of the MPD, and was acting in his capacity as an agent, servant and employee of the District of Columbia and the MPD, and under the direction and control of the District of Columbia and the MPD. Defendant Massey was further acting pursuant to either official policy, or the custom and practice of the District of Columbia and the MPD.

8.      Defendant District of Columbia operates and governs the MPD pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants, including Defendants Goins and Massey.

9.      The Plaintiff sues Defendants Goins and Massey each in their individual and official capacities.

10.     At all times relevant to this Complaint, Defendants Goins and Massey acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the District

of Columbia and the MPD and pursuant to their authority as police officers of the District of Columbia and the MPD.

## FACTS COMMON TO ALL COUNTS

11. In the early morning of Monday, May 31, 2004, Ms. Haile was seated in the rear seat of an automobile driven by Selamawit Belachew, heading south on 9th Street NW, in the District of Columbia. Shewit Haile-Mariam was seated in the front passenger seat of the vehicle.

12. Ms. Haile, Ms. Belachew and Ms. Haile-Mariam all are of Ethiopian descent and are fluent in the language of Amharic.

13. Ms. Haile, Ms. Belachew and Ms. Haile-Mariam were traveling to the Platinum nightclub, located at 915 F Street NW, in order to pick up some friends who were at the nightclub.

14. Ms. Belachew, the driver of the automobile, made a right-hand turn from 9th Street NW onto F Street NW and began heading west. The MPD had blocked the eastbound lane of traffic on F Street with orange traffic cones. No signs were posted on the street indicating that either lane of traffic was closed, and no traffic cones blocked the westbound lane.

15. Ms. Belachew drove the automobile approximately halfway down the block in the westbound lane when she was forced to stop because a crowd of pedestrians who appeared to be exiting the Platinum nightclub blocked the roadway.

16. At this point, Defendant Goins approached Ms. Belachew's automobile, informed Ms. Belachew that the street was closed, and issued Ms. Belachew a traffic citation carrying a fine of $100.00.

17.     Defendant Goins then instructed Ms. Belachew to drive her automobile down F Street and away from the nightclub, despite the fact that the growing crowd made it impossible for Ms. Belachew to move her automobile without endangering the pedestrians.

18.     Defendant Massey then approached the automobile and demanded that Ms. Belachew move her automobile. Defendant Massey told Ms. Belachew, "You better move your car before I give you another ticket." Defendant Massey then instructed Ms. Belachew to attempt to disperse the crowd by blowing the automobile's horn.

19.     Ms. Belachew blew the horn, but the pedestrian traffic did not disperse and she could not advance without endangering or striking the pedestrians.

20.     Ms. Haile then commented on the fact that the crowd made it impossible to move the automobile to Ms. Belachew and Ms. Haile-Mariam in her native language of Amharic.

21.     Defendant Massey heard Ms. Haile's comment and immediately began to yell at her, accusing her of "talking about him." Ms. Haile attempted to explain that she was only speaking in her native language. Before Ms. Haile completed this explanation, Defendant Massey ordered Defendant Goins to "take care of her."

22.     Defendant Goins then opened the rear door of the car. Without cause, justification, provocation, or need, Defendant Goins grabbed Ms. Haile's left arm, pulled her forcibly from the back seat of the vehicle, twisted her right arm behind her back and threw her to the ground. At no time did Defendant Goins ask Ms. Haile to exit the vehicle on her own.

23.     Ms. Haile immediately began to experience severe pain and she screamed and cried out in agony. Specifically, Ms. Haile made it clear to Defendant Goins that he had broken her right arm.

24. Immediately after Ms. Haile informed Defendant Goins that he had broken her arm, Defendant Goins grabbed Ms. Haile's broken arm and handcuffed it behind her back. He then forcibly pulled Ms. Haile across F Street, where he forced Ms. Haile to kneel for approximately thirty minutes, in the street, beside the wheel of a police vehicle, with her broken arm handcuffed behind her.

25. As a direct and proximate result of the unlawful and malicious actions of Defendants Goins and Massey, Ms. Haile suffered a severely broken upper right arm and extensive nerve damage.

26. After more than thirty minutes, an ambulance finally arrived and Ms. Haile was transported to Greater Southeast Hospital (the "Hospital") where she was treated for the extensive damage to her right arm. After receiving treatment and while under the influence of intravenously administered prescription painkillers, a female MPD officer and member of the Force Investigation Team (as that term is defined in the Memorandum of Agreement on the Use of Force Between the U.S. Department of Justice and the D.C. Metropolitan Police Department, dated June 13, 2001) interrogated Ms. Haile about what occurred earlier in the evening that resulted in her physical injury.

27. At no time did any Defendant or any other MPD officer inform Ms. Haile that she was under arrest. Only when Ms. Haile asked to telephone her mother did a doctor at the Hospital – and not an MPD officer – inform her that she was under arrest.

28. Ms. Haile was discharged from the Hospital hours after being admitted and was taken to the First District police substation. There she was processed and placed in a holding cell. While jailed, Ms. Haile repeatedly asked why she was being held, but she was given no answer. At approximately 6:30 a.m., an MPD officer informed Ms. Haile that she could either

6

"post and forfeit" $25 to be released immediately, or she could remain in jail until her hearing date at some indeterminate time in the future. Ms. Haile elected to "post and forfeit" the $25 in order to be released immediately. It was only when she received her receipt for her "post and forfeit" that Ms. Haile learned that she had been arrested on a charge of disorderly conduct.

29.     As a result of the events described above, Ms. Haile suffered severe physical anguish, humiliation and embarrassment. For weeks following the incident, Ms. Haile required pain medication and could not participate in her usual activities.

30.     Ms. Haile was scheduled to begin work at a new job the following Tuesday, June 1. Because of the injuries inflicted by the Defendants, Ms. Haile was unable to perform the work required in this new job. As a result, Ms. Haile was forced to give up the job and was deprived of substantial income.

31.     As a further result of these injuries, Ms. Haile was forced to take an indefinite leave of absence from her studies at Virginia Commonwealth University and was also forced to defer the scholarship assistance she was receiving until her injuries permitted her return to her studies. Ms. Haile's efforts to obtain a degree in pharmacy, and her ability to earn income based on such a degree, have been substantially delayed.

32.     As a result of these events, Ms. Haile has endured severe physical pain and a potentially permanent physical disability, potentially permanent nerve damage, considerable loss of income, and extensive medical costs.

33.     At no time was Ms. Haile armed, nor did she attempt to resist arrest by Defendants Goins or Massey or offer violence to or threaten them. Ms. Haile committed no felony, nor has she been charged with the commission of any felony.

34. At no time did Defendants Goins or Massey have probable cause, or a reasonable basis, to believe that Ms. Haile had committed any criminal act.

35. Defendant Goins and Massey acted with actual malice toward Ms. Haile, and with reckless indifference and deliberate disregard for Ms. Haile's constitutional and statutory rights.

## **CLAIMS FOR RELIEF**

36. Paragraphs 1 through 35 are incorporated by reference into each of the claims that are set forth below.

### Claim I: Excessive Use of Force
### (Defendant Goins and Defendant Massey)

37. As a direct and proximate result of the above-described unlawful and malicious physical abuse of Ms. Haile by Defendants Goins and Massey, committed under color of law and under each individual's authority as a MPD police officer, Ms. Haile suffered severe physical pain and injury, loss of income, medical expenses and severe mental anguish, and was deprived of her rights (a) to be secure in her person, (b) to be free from unreasonable seizure of her person, and (c) to be free from the use of excessive force, all in violation of the Fourth Amendment of the Constitution of the United States and actionable under 42 U.S.C. § 1983. For their conduct, Defendants Goins and Massey are liable for compensatory damages.

38. The acts of Defendants Goins and Massey as described above were intentional, wanton, malicious and oppressive, thus entitling Ms. Haile to an award of punitive damages against said Defendants in their individual capacities.

39. Ms. Haile is also entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

40. The relevant law was clearly established at the time of the Defendant officers' interference with Ms. Haile's rights.

WHEREFORE, Ms. Haile demands judgment against Defendants Goins and Massey, jointly and severally, for compensatory and punitive damages in accordance with applicable law, plus attorneys' fees and costs and such other relief as the Court deems just and equitable.

### Claim II: Denial of Equal Protection of the Law Because of National Origin
### (Defendant Goins and Defendant Massey)

41. Because of Ms. Haile's Ethiopian origin, Defendants Goins and Massey intentionally ignored numerous regulations and procedures governing their conduct when they unlawfully and maliciously abused Ms. Haile as described above. As a direct and proximate result of these aforesaid actions of Defendants Goins and Massey, committed under color of law and under each individual's authority as an MPD police officer, Ms. Haile was deprived of her right to the equal protection of the laws under the Due Process Clause of the Fifth Amendment of the Constitution of the United States and actionable under 42 U.S.C. § 1983. For such misconduct, Defendant Goins and Defendant Massey are liable for compensatory damages.

42. The acts of Defendants Goins and Massey as described above were intentional, wanton, malicious and oppressive, thus entitling Ms. Haile to an award of punitive damages against said Defendants in their individual capacities.

43. Ms. Haile is also entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

44. The relevant law was clearly established at the time of the Defendant officers' interference with Ms. Haile's rights.

WHEREFORE, Ms. Haile demands judgment against Defendants Goins and Massey, jointly and severally, for compensatory and punitive damages in accordance with applicable law, plus attorneys' fees and costs and such other relief as the Court deems just and equitable.

### Claim III: Failure to Intercede
### (Defendant Massey)

45. Defendant Massey stood idly by while Defendant Goins, without cause, yanked Ms. Haile from the vehicle and broke her arm. Defendant Massey had the duty and the ability to intercede on behalf of Ms. Haile and prevent Defendant Goins from subjecting Ms. Haile to the use of excessive force and an unlawful and unreasonable seizure of her person.

46. As a direct and proximate result of Defendant Massey's deliberate and intentional refusal to intercede on behalf of Ms. Haile and prevent the violation of her constitutional rights, committed under the color of law and under his authority as a MPD police officer, Ms. Haile suffered severe physical pain and injury, loss of income, medical expenses, and severe mental anguish, and was deprived of her rights (a) to be secure in her person, (b) to be free from unreasonable seizure of her person, and (c) to be free from excessive use of force, all in violation of the Fourth Amendment to the Constitution of the United States, and actionable under 42 U.S.C. § 1983. For his failure to act, in violation of Ms. Haile's constitutional rights, Defendant Massey is liable for compensatory damages.

47. Defendant Massey's failure to act was intentional, wanton, malicious and oppressive, thus entitling Ms. Haile to an award of punitive damages against Defendant Massey in his individual capacity.

48. Ms. Haile is also entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

49. The relevant law was clearly established at the time of Defendant Massey's interference with Ms. Haile's rights.

WHEREFORE, Ms. Haile demands judgment against Defendant Massey for compensatory and punitive damages in accordance with applicable law, plus attorneys' fees and costs and such other relief as the Court deems just and equitable.

### Claim IV: Unlawful Warrantless Arrest
### (Defendants Goins and Massey)

50. As a direct and proximate result of the above-described actions of Defendants Goins and Massey, Ms. Haile was falsely, maliciously and unlawfully arrested and detained, and was deprived of her rights pursuant to the Fourth Amendment to the Constitution of the United States, as made actionable by 42 U.S.C. § 1983. For this misconduct, Defendants Goins and Massey are liable for compensatory damages.

51. The acts of Defendants Goins and Massey as described above were intentional, wanton, malicious and oppressive, thus entitling Ms. Haile to an award of punitive damages against said Defendants in their individual capacities.

52. Ms. Haile is also entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

53. The relevant law was clearly established at the time of the Defendant officers' interference with Ms. Haile's rights.

WHEREFORE, Ms. Haile demands judgment against Defendants Goins and Massey, jointly and severally, for compensatory and punitive damages in accordance with applicable law, plus attorneys' fees and costs and such other relief as the Court deems just and equitable.

### Claim V: Assault and Battery
### (Defendant Goins)

54.     The actions of Defendant Goins in using force against Ms. Haile without lawful reason constitute assault and battery for which Defendant Goins is individually liable for compensatory and punitive damages under the law of the District of Columbia.

WHEREFORE, Ms. Haile demands judgment against Defendant Goins for compensatory and punitive damages in accordance with applicable law, and such other relief as the Court deems just and equitable.

### Claim VI: Assault
### (Defendant Massey)

55.     The actions of Defendant Massey in ordering Defendant Goins to apprehend Ms. Haile, without lawful reason, constitute assault for which Defendant Massey is individually liable for compensatory and punitive damages under the law of the District of Columbia.

WHEREFORE, Ms. Haile demands judgment against Defendant Massey for compensatory and punitive damages in accordance with applicable law, and such other relief as the Court deems just and equitable.

### Claim VII: False Arrest
### (Defendant Goins and Defendant Massey)

56.     The actions of Defendant Goins and Defendant Massey in arresting Ms. Haile without cause constituted false arrest for which Defendant Goins and Defendant Massey are individually liable for compensatory and punitive damages under the law of the District of Columbia.

WHEREFORE, Ms. Haile demands judgment against Defendants Goins and Massey, jointly and severally, for compensatory and punitive damages in accordance with applicable law, and such other relief as the Court deems just and equitable.

### Claim VIII: Intentional Infliction of Emotional Distress
### (Defendant Goins and Defendant Massey)

57. The actions of Defendants Goins and Defendant Massey caused Ms. Haile severe emotional distress and physical pain, and constitute intentional infliction of emotional distress. For the intolerable conduct described in paragraphs 1-35 above, and its consequences, Defendant Goins and Defendant Massey are individually liable for compensatory and punitive damages to Ms. Haile under the law of the District of Columbia.

WHEREFORE, Ms. Haile demands judgment against Defendants Goins and Massey, jointly and severally, for compensatory and punitive damages in accordance with applicable law, and such other relief as the Court deems just and equitable.

## Claim IX: Respondeat Superior
### (District of Columbia)

58. Defendant District of Columbia is liable for the common-law torts of its employees committed in the scope of their employment. Where any officer is found liable to Plaintiff for claims V - VIII (Assault and Battery, False Arrest, Intentional Infliction of Emotional Distress), the District of Columbia is also liable under the doctrine of respondeat superior.

WHEREFORE, Ms. Haile demands judgment against Defendant District of Columbia for compensatory damages in accordance with applicable law, and such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests that her claims be tried by a jury.

Respectfully submitted,

By: _____
John E. Heintz, Esq.
District of Columbia Bar No. 928929

GILBERT HEINTZ & RANDOLPH LLP
1100 New York Avenue NW
Suite 700
Washington, DC 20005
(202) 772-2200

Of Counsel:
Arthur B. Spitzer, Esq.
District of Columbia Bar No. 235960
Fritz Mulhauser, Esq.
District of Columbia Bar No.455377

AMERICAN CIVIL LIBERTIES UNION
OF THE NATIONAL CAPITAL AREA
1400 20th Street NW
Suite 119
Washington, DC 20036
(202) 457-0800