UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEN HAILE-SHIREGA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-0978 (RBW) ) |
| DISTRICT OF COLUMBIA, *et al.,* | ) ) |
| Defendants. | ) ) |

## ANSWER OF DEFENDANTS

Defendants District of Columbia, Officer Nikeith Goins and Sgt. Joseph Massey, through counsel, hereby answer the complaint as follow

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

In specific response to the enumerated paragraphs of the complaint, defendants state as follows:

### Introduction

1. Deny

### Jurisdiction and Venue

2. Admit

3. Deny

4. Admit

### Parties

5. Defendants lack sufficient knowledge to either admit or deny the

allegations of paragraph 5

6. Defendants admit that defendant Goins was an employee of the Metropolitan Police Department and was acting within the scope of her employment. To the extent that plaintiff alleges improper conduct on the part of Officer Goins, defendants deny that Officer Goins was acting pursuant to either official policy or custom and practice of the District of Columbia as to said conduct.

7. Defendants admit that the defendant Massey was an employee of the Metropolitan Police Department and was acting within the scope of his employment. To the extent that plaintiff alleges improper conduct on the part of Officer Massey, defendant District of Columbia denies that Sgt. Massey was acting pursuant to either official policy or custom and practice of the District of Columbia as to said conduct.

8. Defendants admit that the officers were acting within the scope of their employment.

9. Admit

10. Defendants admit that Officers Goins and Massey were acting under color of law. To the extent that plaintiff alleges improper conduct on the part of Officer Goins and Sgt. Massey, defendant District of Columbia denies that the officers were acting pursuant to either official policy or custom and practice of the District of Columbia as to said conduct.

**Statement of Facts**

11. Admit

12. Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 12.

13. Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 13.

14. Deny

15. Deny

16. Admit

17. Deny

18. Deny

19. Deny

20. Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 20.

21. Deny

22. Deny

23. Deny

24. Deny

25. Deny

26. Defendants admit that plaintiff was interviewed but deny that she was under the influence of painkillers.

27. Deny

28. Deny

29. Deny

30. Deny

31. Deny

32. Deny

33. Defendants admit that plaintiff was unarmed and was not ultimately charged with a felony but deny the remaining allegations of paragraph 33.

34. Deny

35. Deny

## Claims For Relief

36. Defendants' responses to Paragraphs 1 through 35 are hereby incorporated by reference.

## Claim I

37. Deny

38. Deny

39. Deny

40. Deny

## Claim II

41. Deny

42. Deny

43. Deny

44. Deny

## Claim III

45. Deny

46. Deny

47. Deny

48. Deny

49. Deny

### Claim IV

50. Deny

51. Deny

52. Deny

53. Deny

### Claim V

54. Deny

### Claim VI

55. Deny

### Claim VII

56. Deny

### Claim VIII

57. Deny

### Claim IX

58. The District of Columbia admits that as a general statement of the law that it is liable for the common law torts of its employees committed within the scope of their employment.

### Third Defense

If plaintiff was injured and/or damaged as alleged in the complaint, such injuries were the result of her own intentional, illegal or otherwise wrongful conduct.

### Fourth Defense

If plaintiff was injured and/or damaged as alleged in the complaint, such injuries and/or damages were the result of her own negligence and/or his own contributory negligence and/or her assumption of the risk.

### Fifth Defense

Defendants Goins and Massey are entitled to qualified immunity

### Sixth Defense

Plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Official Code §12-309.

### Seventh Defense

Plaintiff has failed to mitigate her damages.

### Set-Off

Defendant District of Columbia asserts a set-off against any judgment rendered against it for any funds and the costs of any services provided to or on behalf of plaintiff, including medical care by the District of Columbia.

### Jury Demand

Defendants hereby demand trial by jury.

Wherefore, defendants pray that they be granted judgment, court costs and any other relief deemed appropriate by the court.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
DAVID A. JACKSON (471535)
Assistant Attorney General
Acting Chief, General Litigation II

_____/s/_____
ROBERT A. DeBERARDINIS, JR. (335976)
Assistant Attorney General, D.C.
441 Fourth Street NW, Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6602
Facsimile: (202) 727-3625
Email: robert.deberardinis@dc.gov
Attorney for Defendants