IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEN HAILE-SHIREGA | ) |
| Plaintiff, | ) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et al.,* | ) Case No.: 05-0978 (RBW) |
| Defendants. | ) |

**JOINT REPORT REGARDING RULE 26(F) CONFERENCE**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3 of the Rules of the U.S. District Court for the District of Columbia ("Local Rules"), counsel for plaintiff and counsel for defendants (collectively, "Parties," and individually "Party") conferred via telephone on November 8, 2005. The following report summarizes the agreements that counsel reached during this conference. This report addresses each of the Local Civil Rule 16.3(c) required topics of discussion in order, then addresses any additional agreements afterward.

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendants believe that a dispositive motion may resolve certain legal or factual issues, but would not file any such motion before completing a substantial portion of fact discovery. Plaintiff awaits further discovery concerning Defendants' defenses prior to ascertaining whether a dispositive motion will likely resolve any issues in this case. Furthermore, each Party reserves its right to cross-move as to any such dispositive motion filed following factual discovery. The

1

Parties agree that discovery should not be stayed pending the filing of and ruling upon any dispositive motions.

    **2.    The date by which any other Parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that the deadline for joining additional parties shall be February 1, 2006. The Parties also agree that the deadline for amending pleadings shall be April 14, 2006. At this point, the Parties have not agreed to narrow any of the factual and legal issues involved in this case. The Parties will meet after the commencement of discovery to determine whether they can narrow and/or agree upon any factual or legal issues in this suit. If the Parties reach such an agreement regarding the factual and/or legal issues, they will file a Joint Stipulation Report with the Court within fourteen days after such meeting.

    **3.    Whether the case should be assigned to a magistrate judge—for all purposes, including trial.**

The Plaintiff does not consent to the assignment of this case to a magistrate judge for trial; the Plaintiff has no present objection to the referral of discovery or other non-final matters to a magistrate judge. The Defendants consent to the referral of this case to a magistrate judge solely for the purpose of mediation; the Defendants do not consent to the referral of this case to a magistrate judge for any other purpose (including, but not limited to, any discovery disputes and/or trial). The Parties reserve their rights to object to any referrals in the future.

    **4.    Whether there is a realistic possibility of settling the case.**

The Parties agree that settlement of this case prior to trial is possible; however, settlement discussions are unlikely to be productive until after a substantial portion of fact discovery has been completed.

     **5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

     The Parties agree to consider participating in any forms of ADR that the Court may suggest or require. The Parties, however, respectfully request that such ADR proceedings not be initiated until after the Parties have completed a substantial portion of fact discovery and have had a full opportunity to explore settlement through informal negotiations.

     **6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.**

     Please see the answer to #1, above.

     **7.    Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

     The Parties have agreed to make the required Rule 26(a)(1) disclosures by November 22, 2005 in accordance with the Rule.

     **8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

     <u>**Potential Subjects for Discovery include at least the following:**</u>

- The events of May 31, 2004, involving plaintiff Haile-Shirega and the defendants.
- The identity of all officers of MPD personnel involved in the events that form the basis of plaintiff Haile-Shirega's complaint.
- The identity of all witnesses to the events that form the basis of plaintiff Haile-Shirega's complaint.
- The extent of damages suffered by plaintiff Haile-Shirega.
- The circumstances surrounding and factors affecting defendants' and/or the District of Columbia Metropolitan Police Department's ("MPD") charging decisions with respect to plaintiff Haile-Shirega's arrest on May 31, 2004.

- The personnel history of defendants and any other officers involved in the events that form the basis of plaintiff Haile-Shirega's complaint, including but not limited to citizen complaint reports and other disciplinary actions.
- Policies, procedures, and guidelines of the MPD relating to, among other things, officer disciplinary procedures.
- Policies, procedures, and guidelines of the MPD relating to, among other things, the conduct, duties and responsibilities of officers.
- Policies, procedures, and guidelines of the MPD relating to, among other things, the handling of citizen complaint reports against personnel of the MPD.
- The financial and medical reports of plaintiff Haile-Shirega related to the events that form the basis of plaintiff Haile-Shirega's complaint.

Each Party reserves the right to object to discovery relating to any of the above topics and nothing herein shall constitute a waiver of a Party's right to object to discovery in accordance with the Federal Rules of Civil Procedure and/or the Local Rules. Each Party reserves the right to supplement the foregoing, as appropriate, once discovery commences.

**Discovery Limitations**:

The Parties will conduct separate fact and expert discovery. Fact discovery will not be limited to particular issues. The Parties anticipate conducting expert discovery regarding, among other things, the extent of the plaintiff's injuries and the standard to care to be exercised by law enforcement officials. The Parties will employ all standard forms of discovery including, but not limited to, depositions, interrogatories, requests for production, and requests for admission. The Parties will cooperate to avoid duplicative discovery. At this time, the Parties agree to conduct discovery in accordance with the guidelines and limitations contained in the Federal Rules of Civil Procedure and/or the Local Rules. The Parties reserve their rights to seek modification of those limitations should it become appropriate.

**Protective Order**:

At present, defendants anticipate seeking a protective order for materials or testimony relating to officer personnel files and other personal officer information. Plaintiff anticipates seeking a protective order for plaintiff Haile-Shirega's financial and medical records. Both Parties reserve the right to supplement the foregoing should it become appropriate. Each Party reserves the right to object to discovery relating to any of these topics and nothing herein shall constitute a waiver of a Party's right to object to discovery in accordance with the Federal Rules of Civil Procedure and/or the Local Rules.

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Parties agree that all Rule 26(a)(2) expert witness reports shall be disclosed on or before June 2, 2006. Any rebuttal expert witness reports shall be disclosed on or before June 30, 2006. The Parties agree that any expert discovery must be completed by July 28, 2006.

**10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The Parties agree that this is not a class action and any Rule 23 proceedings will not be necessary.

**11.    Whether the trial and or discovery schedule should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties agree that this case belongs on a standard track and should not be bifurcated.

**12.    The date for the pretrial conference (understanding that trial will take place 30 to 60 days thereafter).**

The Parties request a pretrial conference date on or about August 25, 2006, so that the Court will have sufficient time to consider any dispositive motions that may be filed prior to preparing for trial.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties agree that the Court should not set a firm trial date at this time and that the trial date should be set at the pretrial conference.

**Proposed Schedule**

| | |
|---|---|
| Rule 26(a)(1) disclosures | November 22, 2005 |
| Deadline to join additional parties | February 1, 2006 |
| Deadline to amend pleadings | April 14, 2006 |
| Close of Fact Discovery | May 5, 2006 |
| Motions for Summary Judgment | June 16, 2006 |
| Responses to Motions for Summary Judgment | July 14, 2006 |
| Replies on Motions for Summary Judgment | July 28, 2006 |
| Rule 26(a)(2) expert report disclosures | June 2, 2006 |
| Rebuttal expert report disclosures | June 30, 2006 |
| Close of Expert Discovery | July 28, 2006 |
| Pretrial Conference | August 25, 2006 |
| Trial Date | To be set at pretrial conference |

Nothing herein shall constitute a waiver of a Party's right to petition the Court to extend any of the above deadlines in accordance with the Federal Rules of Civil Procedure.

Dated: November 22, 2005

Respectfully submitted,
**Attorneys for Plaintiff**

/s/ Michael Raibman
_____
John E. Heintz
District of Columbia Bar No. 928929
Michael Raibman
District of Columbia Bar No. 462104
GILBERT HEINTZ & RANDOLPH LLP
1100 New York Avenue, NW
Suite 700
Washington, D.C. 20005
(202) 772-2200(t)
(202) 772-3333(f)

Of Counsel:
Arthur B. Spitzer, Esq.
District of Columbia Bar No. 235960
Fritz Mulhauser, Esq.
District of Columbia Bar No.455377
AMERICAN CIVIL LIBERTIES
UNION OF THE NATIONAL
CAPITAL AREA
1400 20th Street, NW
Suite #119
Washington D.C. 20036
(202)457-0800

**Attorney for Defendants**

/s/ David A. Jackson
_____
David A. Jackson, Esq.
District of Columbia Bar No. 471535
Assistant Attorney General
DISTRICT OF COLUMBIA
441 4th Street, NW
Washington, DC  20001
(202) 724-6618(t)
(202) 727-3625 (f)