IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ECF

| | |
|---|---|
| ADEN HAILE-SHIREGA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | Case No.: 05-0978 (RBW) |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

WHEREAS, this discovery is in accordance with the applicable Federal Rules of Civil Procedure:

WHEREAS, the protection of such information will encourage full disclosure by the parties and a full and fair resolution of the issues in this proceeding;

IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:

1. For the purposes of this Order, "Confidential Information" shall mean any documents, evidence, testimony, materials or other information, whether written or oral, exchanged, revealed or presented in these proceedings, designated as "Confidential" by either party. Confidential Information shall include, but not be limited to, any information relating to Plaintiff's medical history, the home addresses and telephone number of employees of the defendant, and the contents of the Defendant police officers' personnel file.

2. Confidential Information supplied by the Parties shall be reviewed only by counsel working on the above-captioned matter as well as secretaries, investigators, paralegals, interns, temporary workers and any experts retained by the Parties for purposes of this case. Confidential Information supplied by the Parties shall not be reviewed by or disclosed to any other persons not associated with this case, and shall not otherwise be disclosed in any way that is inconsistent with the terms of this Order.

3. If a party concludes that any pleading, exhibit, document, testimony, or other written material contains Confidential Information, the party shall stamp each page

containing such information as "Confidential." The inadvertent failure of a party to mark or designate information or testimony as Confidential at the time of its production or utterance shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified within a period of 60 calendar days.

4. A party may challenge the designation of information produced during this action as "Confidential" by bringing the issue to the attention of the Court via telephone conference call at any time, provided, however, that the receiving party must first make a good-faith attempt to resolve the dispute informally with the producing party. A good faith effort must include ample notice, and an opportunity to review the subject issue, discuss it with the parties, and respond in writing if necessary to protect the record herein. Should the parties be unable to resolve the matter through informal negotiations, the parties may schedule a telephone conference with the Court, and move the Court for an appropriate order. Unless and until the parties agree that information designated as "Confidential" is not entitled to the protections conferred by such designation, or, in the absence of agreement, the Court so rules, said information shall remain Confidential Information subject to this Protective Order.

5. Each person receiving Confidential Information will take steps to insure that disclosure is strictly limited to persons so authorized under this Protective Order and is maintained in a manner which prevents its use for purposes not authorized in this Protective Order.

6. Any pleading or other submission filed in this proceeding which contains Confidential Information shall be filed under seal and shall be clearly marked as being filed under seal and as containing Confidential Information.

7. Each party shall be responsible for maintaining in a secure manner all copies of Confidential Information received by that party or its representatives, consultants, officers or employees, or otherwise provided by the other party. Within six months of a final judgment or settlement in these proceedings, each party shall either return to the other all copies of such information (including without limitation copies in the possession of their consultants, contractors, experts, and counsel), or certify that all such copies have been destroyed.

8. The parties shall communicate the confidentiality requirements of this Protective Order to each and every person who is given access, pursuant to the terms of this Order, to Confidential Information produced by the other party.

9. Either party may seek remedial relief in Court for a breach or threatened breach of this Order in accordance with applicable law.

AGREED by the Parties this 15th day of May 2006.

_____
Judge Reggie B. Walton